Alan S. Gutman, SBN 128514
Matthew E. Hess, SBN 214732
LAW OFFICES OF ALAN S. GUTMAN
9401 Wilshire Boulevard, Suite 575
Beverly Hills, CA 90212-2918
Telephone: 310-385-0700
Facsimile: 310-385-0710
    email: alangutman@gutmanlaw.com
    email: mhess@gutmanlaw.com

Attorneys for Defendant and Counter-Claimant
    THIEN THANH THI NGUYEN a/k/a/ TILA TEQUILA

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE SATURDAY TEAM, INC. and ICON MUSIC ENTERTAINMENT SERVICES, LLC,<br><br>    Plaintiffs,<br><br>vs.<br><br>THIEN THANH THI NGUYEN a/k/a/ TILA TEQUILA and DOES 1-10,<br><br>    Defendants.<br><br>AND RELATED COUNTER-CLAIM. | Case No. CV07-01794 VBF (VBKx)<br><br>**PROTECTIVE ORDER RE: CONFIDENTIAL FINANCIAL INFORMATION** |

The Court has read and considered the Stipulation for Protective Order re: Confidential Financial Information by and between Defendant and Counter-Claimant Thien Thanh Thi Nguyen a/k/a Tila Tequila ("Tequila"), Plaintiffs and Counter-Claimants The Saturday Team, Inc., Icon Music Entertainment Services, LLC, and Counter-Defendant Issa Diao. THE COURT FINDS:

That the financial information to be produced by Defendant pursuant to this Court's Order of June 11, 2008 is sensitive and highly confidential;

That Defendant is a public figure whose financial affairs may be of

prurient interest to the public and the press;

That the public has no legitimate interest in the information sought to be protected, and secrecy is in the interest of justice because of the need for this Defendant to remain free from harassment and ensure that her confidential financial information remains free from public disclosure, except to the extent essential to the prosecution and defense of the claims in this litigation;

That for the reasons set forth above, said Defendant has a cognizable privacy interest in ensuring that this information remains confidential;

That disclosure of the confidential financial information, except to the extent essential to the prosecution and defense of the claims in this litigation, could subject Defendant to serious harm in that it could expose her to harassment, and could also reveal the confidential information of third parties; and,

That the parties have agreed to enter into a Protective Order.

Accordingly, IT IS HEREBY ORDERED THAT:

1. As used herein, "Highly Confidential Material" is defined as all information Defendant has been ordered to produce pursuant to the Court's Order of June 11, 2008.

2. All Highly Confidential Material produced by Defendant shall be so designated by stamping the first page of each such document or pleading as "**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**"

3. Testimony taken at a deposition, conference, hearing or trial may be designated as Highly Confidential Material by making a statement to that effect on the record at the deposition or other proceeding. Arrangements shall be made with the court reporter taking and transcribing such proceeding to separately bind such portions of the transcript containing information designated as confidential, and to label such portions appropriately.

4.   Defendant and her attorneys shall make a good faith effort to denominate as Highly Confidential Material only such documents and information as reasonably require confidential treatment. By designating a document, thing, material, testimony or other information derived therefrom as Highly Confidential under the terms of this order, the party making the designation is certifying to the court that there is a good faith basis both in law and in fact for the designation within the meaning of Federal Rule of Civil Procedure 26(g).

5.   Any Highly Confidential Material, and any information derived therefrom, shall not be given, shown, disclosed or made available in any way to any person other than:

    (a)   counsel of record for the parties to this Protective Order;

    (b)   para-professionals, secretaries and other non-attorney personnel who are employed by the parties' counsel of record, but only to the extent that disclosure to such persons is necessary in order for them to assist attorneys involved in the preparation of this case;

    (c)   court reporters and persons preparing transcripts of depositions;

    (d)   James E. Gill, C.P.A.; and

    (e)   the Court and/or jury in accordance with paragraph 9 below.

6.   Prior to receiving any Highly Confidential Material, the individuals identified in ¶¶ 5(a)-(d) *supra* shall be provided with a copy of this Order and shall execute a nondisclosure agreement in the form of Attachment A, a copy of which shall be provided forthwith to counsel for each other party.

7.   Highly Confidential Material shall not be disclosed to a party, or to an officer, director or employee of a party, unless otherwise agreed or ordered.

8.   Highly Confidential Material and any information derived

therefrom, including any notes, abstracts, summaries or reports made that describe the Highly Confidential Material, shall not be used for any purpose other than the prosecution or defense of claims in this action.  No person authorized to view copies of documents may disclose any portion of the subject matter or contents to any person not authorized in this Protective Order.

9. No Highly Confidential Material, or any information derived therefrom, including any notes, abstracts, summaries or reports made that describe the Highly Confidential Material, shall be filed with, submitted to or otherwise disclosed to the Court in this action or in any appeal herein, except under seal.  The party seeking to use such Highly Confidential Material, or any information derived therefrom, including any notes, abstracts, summaries or reports made that describe the Highly Confidential Material, must file the documents under seal and comply with the terms of Fed.R.Civ.P. 26(c) and Local Rule 79-5.1.  In the event that Plaintiffs intend to file Highly Confidential Material with the Court and do not intend to request to have the Highly Confidential Material sealed, Plaintiffs must give counsel for Defendant ten (10) days' written notice of their intention.  Any papers or transcripts filed with or submitted to the Court containing Highly Confidential Material, or any information derived therefrom, including any notes, abstracts, summaries or reports made that describe the Highly Confidential Material, shall not be served upon or disclosed to any person except those persons to whom disclosure is permitted under paragraph 5 of this Protective Order.

10. Within sixty (60) days of the termination of this litigation, including any appeals herein, all Highly Confidential Material and any material which contain, disclose or reflect Highly Confidential Material shall be:

    (a)    returned to Defendants; or

    (b)    destroyed by the party in possession thereof, and such

destruction shall be certified to Defendants.

11. This Protective Order shall survive the conclusion of this litigation, including any appeals herein, and the restrictions on communication and disclosure of Highly Confidential Material set forth herein shall continue to be binding upon the parties to this action and all other persons to whom Highly Confidential Material has been communicated or disclosed.

12. The designation of Highly Confidential Material as **"HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"** pursuant to this Protective Order shall not be construed as a concession by the designating party that such information is relevant, material or admissible as to any issue. Nothing in this Protective Order shall be construed as waiving any objection to the production of evidence or to any discovery request, nor shall this Protective Order be construed to require the production of any particular testimony, documents, evidence or other information.

13. Each person signing Exhibit A and viewing the documents or related notes hereby agrees to the subject to the jurisdiction of this Court for contempt and other appropriate proceedings in the event of an alleged violation of this Protective Order.

14. The production of information and/or documents for viewing, custody and note taking shall not constitute a waiver of Defendant's right to claim in this lawsuit or otherwise, that the documents or any documents described in them are privileged or otherwise inadmissible.

15. This Order shall be without prejudice to the right of the parties (i) to bring before the Court at any time the question of whether any particular document or information is confidential or whether its use should be restricted or (ii) to present a motion to the Court under FRCP 26(c) for a separate protective order as to any particular document or information, including restrictions differing from those as specified herein. This Order shall not be

deemed to prejudice the parties in any way in any future application for modification of this Order.

16. This Order is entered solely for the purpose of facilitating the exchange of documents and information between the parties to this action without involving the Court unnecessarily in the process. Nothing in this Order nor the production of any information or document under the terms of this Order nor any proceedings pursuant to this Order shall be deemed to have the effect of an admission or waiver by either party or of altering the confidentiality or nonconfidentiality of any such document or information or altering any existing obligation of any party or the absence thereof.

17. Sanctions may be granted by the Court for improper use of the produced materials subject to this Protective Order.  Such sanctions may be imposed by the Court on its own motion or on the motion of any party as well as for on an application for an order to show cause re contempt.

## **ORDER**

Upon consideration of the Stipulation for Protective Order re: Confidential Financial Information dated June 25, 2008, and good cause appearing therefor,

IT IS HEREBY ORDERED that the Stipulation for Protective Order re: Confidential Financial Information shall be and hereby is the Order of the Court.

Dated: ___June 30, 2008__

/s/
_____
HON. VICTOR B. KENTON
Magistrate Judge
United States District Court for the
Central District of California

## **ATTACHMENT A**

# NONDISCLOSURE AGREEMENT

I, _____ do solemnly swear that I am fully familiar with the terms of the Stipulated Protective Order entered in <u>The Saturday Team, Inc. et al. v. Thien Thanh Thi Nguyen</u>, United States District Court for the Central District of California, Civil Action No. CV07-01794 VBF (VBKx), and hereby agree to comply with and be bound by the terms and conditions of said Order unless and until modified by further Order of this Court. I hereby consent to the jurisdiction of said Court for purposes of enforcing this Order.

Dated: _____

By:_____